UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,<br><br>Plaintiffs,<br><br>-against-<br><br>ROBERT DOUGLAS d/b/a CMI INSTALLATIONS and MILLWORKNY,<br><br>Defendants. | 16 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(a)(3); and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions owed to a group of employee benefit plans and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds, formerly the Empire State Carpenters

Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA.  The Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3).  The Trustees are fiduciaries of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain a place of business at 10 Corporate Park Drive, Suite A, Hopewell Junction, New York 12533.

5. Robert Douglas ("Douglas") is an individual residing in the State of New York. At relevant times, Douglas was the owner and operator of CMI Casework And Millwork Inc. ("CMI I"), a carpentry and millwork company.  In addition, Douglas was the sole proprietor of other carpentry and millwork businesses throughout New York, doing business under the assumed names of: (1) CMI Installations ("CMI II") and (2) MillworkNY.  At relevant times, Douglas is and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is and was an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142.

## FACTS

**CMI I Was Bound To A Collective Bargaining Agreement**

6. At relevant times, CMI I, was a party to, or manifested an intention to be bound by, a collective bargaining agreement ("CBA") with the Northeast Regional Council of Carpenters ("Union").

7.     The CBA required CMI I to make specified hourly contributions to the Funds in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

8.     The CBA further required CMI I to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

9.     The CBA also provided that, in the event CMI I failed to make its books and payroll records available to the Funds upon request, the Funds may estimate the principal amount owed based upon previous contribution history.

**The Funds Obtain A Judgment Against CMI I**

10.    Pursuant to the CBA, the Funds initiated arbitration against CMI I, claiming that CMI I failed to permit an audit of its books and payroll records.

11.    On February 27, 2014, the arbitrator issued an award against CMI I and in favor of the Funds.

12.    On May 7, 2014, the Funds filed an action to confirm the arbitration award in the United States District Court, Eastern District of New York, Dkt. No. 14-cv-2891 (ADS)(AKT).

13.    On March 20, 2015, the court issued a judgment in favor of the Funds and against CMI I in the amount of $1,966,695.75.

14.    CMI I has failed to satisfy or otherwise pay this judgment.

**Douglas Creates CMI II and MillworkNY to Evade Obligations to the Funds**

15.    In lieu of paying the Funds, Douglas effectively ceased CMI I's operations and began doing business as CMI II and MillworkNY to avoid his obligations to the Funds.

-3-

16. Neither CMI II nor MillworkNY are legally recognized entities in the state of New York.

17. Douglas was the sole proprietor of both CMI II and MillworkNY.

18. Douglas, doing business as CMI II and MillworkNY, performed Covered Work within the meaning of CMI I's CBA.

19. Douglas, doing business as CMI II and MillworkNY, failed to remit contributions for this Covered Work.

20. Douglas, doing business as CMI II and Millwork NY, operated at the same address as CMI I, 731 County Highway 126, Amsterdam, New York 12010.

21. Douglas, doing business as CMI II and MillworkNY, performed the same Covered Work as CMI I, namely carpentry and installation of millwork.

22. Douglas, doing business as CMI II and MillworkNY, had largely the same customers as CMI I.

23. For example, prior to the entry of the judgment, CMI I entered into a subcontract with general contractor Nickerson Corporation ("Nickerson") to perform Covered Work. However, after the Funds obtained the judgment, Douglas used CMI II to complete the contract entered into by CMI I.

24. Douglas, doing business as MillworkNY, had the same website as CMI I.

25. Douglas, doing business as Millwork NY and CMI II, shared managerial employees with CMI I, including Richard Colley and Douglas himself.

26. Douglas, doing business as CMI II and MillworkNY, had knowledge of CMI I's debts and obligations due to the overlapping managerial employees.

27. Douglas failed to maintain an arm's-length relationship between himself, doing business as CMI II and MillworkNY, and CMI I.

28. Douglas performed work under the assumed names of CMI II and MillworkNY for the purpose of avoiding Douglas's contractual and statutory obligations to the Funds, by having CMI II and MillworkNY perform Covered Work without conforming to the terms of the CBA.

29. At relevant times, Douglas, doing business as CMI II and MillworkNY, was the alter ego or successor of CMI I due to having substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

## THE FUNDS' FIRST CLAIM FOR RELEIF
*Unpaid Contributions Under 29 U.S.C. § 1145 and Violation of the CBA Under 29 U.S.C. § 185*

30. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargaining agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

32. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

33. At relevant times, Douglas, doing business as CMI II and MillworkNY, was the alter ego and/or successor of CMI I.

34. As a result of this status, Douglas, doing business as CMI II and MillworkNY, was bound to the provisions of the CBA with the Union that governed CMI I.

35. The CBA required Douglas, doing business as CMI II and MillworkNY, to make specified hourly contributions to the Funds in connection with all Covered Work performed.

36.     The CBA further required Douglas, doing business as CMI II and MillworkNY, to furnish books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

37.     Douglas, doing business as CMI II and MillworkNY, performed Covered Work while bound to the provisions of the CBA.

38.     Douglas, doing business as CMI II and MillworkNY, failed to remit contributions to the Funds despite performing Covered Work.

39.     As a result of this failure, Douglas, doing business as CMI II and MillworkNY, has violated the provisions of the CBA and ERISA.

40.     Pursuant to the CBA, the Funds are entitled to an audit the books and records of CMI II and MillworkNY to determine the extent of the delinquency.

41.     Pursuant to ERISA sections 502(g)(2) and 515, 29 U.S.C. §§ 1132( (g)(2) and 29 U.S.C. § 1145, Douglas is liable to the Funds for, among other things: (1) any unpaid contributions revealed by the audit or otherwise found to be due and owing during the course of this litigation; (2) interest on any such unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages in an amount generally not in excess of 20 percent of the unpaid contributions; (4) reasonable attorneys' fees, audit fees, and collection costs incurred by the Funds, and (5) such other legal or equitable relief as the Court deems appropriate.

42.     As a result of Douglas's violation of the CBA, the Funds are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

### THE FUNDS' SECOND CLAIM FOR RELIEF
*Alter Ego/Successor Liability for the Judgment*

43.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. At all relevant times, Douglas, doing business as CMI II and MillworkNY, was the alter ego and/or successor of CMI I.

45. At all relevant times, Douglas was the sole proprietor, owner, and operator of the fictitious entities CMI II and MillworkNY.

46. As a result of the above, Douglas is personally liable for the debts of CMI I due to the Funds, including the March 20, 2015 judgment in favor of the Funds and against CMI I in the amount of $1,966,695.75.

**WHEREFORE,** the Funds respectfully request that this Court award judgment as follows:

(1) On the Funds' First Claim for Relief, finding that Douglas is: (A) obligated to submit to an audit by the Funds; (B) Douglas is liable for any delinquent contributions revealed by the audit or otherwise found to be due and owing during the course of this litigation; (C) interest on any such unpaid contributions; (D) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages in an amount generally not in excess of 20 percent of the unpaid contributions; and (E) reasonable attorneys' fees, audit fees, and collection costs incurred by the Funds;

(2) On the Funds' Second Claim for Relief, finding that Douglas is personally liable for the debts of CMI I, including the March 20, 2015 judgment in favor of the Funds and against CMI I in the amount of $1,966,695.75; and

(3) Awarding the Funds such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 24, 2016

                Respectfully submitted,

                **VIRGINIA & AMBINDER, LLP**

By:    /s/
Todd Dickerson
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*